UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DEERE & COMPANY,

      Plaintiff,

 v.

XAPT CORPORATION,

      Defendant.

Case No. C22-126-MLP

ORDER

## I. INTRODUCTION

This matter is before the Court on Plaintiff Deere & Company's "Motion to Quash Subpoena Directed to Non-Party Microsoft Corporation or for a Protective Order" ("Motion to Quash") on a subpoena issued by Defendant XAPT Corporation to Microsoft. (Mot. to Quash (Dkt. # 1).) In the alternative, Plaintiff requests that its Motion to Quash be transferred to the U.S. District Court for the Central District of Illinois ("Motion to Transfer") to be determined in the underlying litigation in *Deere & Company v. XAPT Corporation, et al.*, Case No. C19-4210-SLD-JEH (C.D. Ill.) (the "Illinois Action"). (Mot. to Transfer (dkt. # 4) at 1.)

Having considered the parties' submissions, the balance of the record, and the governing law, Plaintiff's Motion to Transfer (dkt. # 4) is GRANTED, and Plaintiff's Motion to Quash (dkt. # 1) is TRANSFERRED to the U.S. District Court for the Central District of Illinois to be

ORDER - 1

heard in the Illinois Action, as further explained below.

## II.   BACKGROUND

On or about November 30, 2021, Defendant subpoenaed Microsoft with 29 production requests for use in the Illinois Action.[1] (Mot. to Transfer at 1-2; *id.*, Ex. A at 15-19.) The subpoena was issued from the U.S. District Court for the Central District of Illinois. (Mot. to Transfer, Ex. A at 16.) On December 14, 2021, Plaintiff filed its Motion to Quash in this Court. (Mot. to Quash.) On December 17, 2021, Plaintiff filed its Motion to Transfer. (Mot. to Transfer.) On January 10, 2022, Defendant opposed Plaintiff's motions in a combined response (Def.'s Resp. (dkt. # 10)), and on January 14, 2022, Plaintiff filed a combined reply (Pl.'s Reply (dkt. # 11)). Neither party requested oral argument.

## III.   DISCUSSION

Plaintiff argues that the complexity of the Illinois Action and the need to avoid inconsistent rulings due to several pending discovery-related motions in the Illinois Action warrant transfer of Plaintiff's Motion to Quash. (Mot. to Transfer at 2-4.) Defendant counters that the Illinois Court's familiarity with this matter alone cannot constitute "exceptional circumstances" and that Plaintiff has failed to cite to any pending discovery issue in the Illinois Action at potential risk of an inconsistent ruling. (Def.'s Resp. at 11-12.) Therefore, Defendant argues Plaintiff has failed to meet its burden to show transfer would be appropriate. (*Id.*)

Pursuant to Federal Rule of Civil Procedure 45(f), "[w]hen the court where compliance is required did not issue the subpoena, it may transfer a motion under this rule to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances."

---

[1] On December 20, 2021, Microsoft served objections to Defendant's subpoena requests. (Wymore Decl., Ex. A (dkt. # 14) at 5-19.)

ORDER - 2

Based on the record before the Court, Microsoft has not consented to transfer. (*See* Def.'s Resp. at 11.) Therefore, transfer may be granted only if the Court finds "exceptional circumstances."

The term "exceptional circumstances" is not defined by Rule 45(f). Nevertheless, courts applying Rule 45(f) routinely refer to the 2013 Advisory Committee Notes to Fed. R. Civ. P. 45(f) in determining its scope. *See, e.g.*, *Judicial Watch, Inc. v. Valle Del Sol*, *Inc.*, 307 F.R.D. 30, 34 (D.D.C. 2014); *Moon Mountain Farms, LLC v. Rural Cmty. Ins. Co.*, 301 F.R.D. 426, 428 (N.D. Cal. 2014). The 2013 Advisory Committee's Notes advise that "transfer may be warranted in order to avoid disrupting the issuing court's management of the underlying litigation, as when that court has already ruled on issues presented by the motion or the same issues are likely to arise in discovery in many districts." *Judicial Watch, Inc.*, 307 F.R.D. at 34. Consequently, in determining whether "exceptional circumstances" exist, courts have considered the "complexity, procedural posture, duration of pendency, and the nature of the issues pending before, or already resolved by, the issuing court in the underlying litigation." *Id.*; *see also US Plywood Integrity Coal. v. PFS Corp.*, 2021 WL 409968, at *3 (W.D. Wash. Feb. 5, 2021).

In this case, the Court finds that Plaintiff has demonstrated exceptional circumstances exist to justify transfer of the Motion to Quash to be adjudicated in the Illinois Action. First, the Illinois Action has been ongoing since October 2019, and concerns a multifaceted contract dispute over a software development project "gone bad" that has been heavily litigated by the parties. (*See* Mot. to Transfer at 2; Def.'s Resp. at 4-5.) Plaintiff's second amended complaint raises multiple claims for breach of contract, in addition to claims for fraudulent inducement, reformation, declaratory and injunctive relief, specific performance, conversion, replevin, and alter ego. (Mot. to Transfer, Ex. 1 ("Second Am. Compl.") at 22-81.) Defendants' answers in the Illinois Action raise several counterclaims for breach of contract, violation and misappropriation

ORDER - 3

of trade secrets under federal and state law, unjust enrichment, and deceptive trade practices under Illinois and Delaware law, and additionally acknowledge copyright infringement claims to be raised upon issuance of the registrations. *See Deere*, Case No. C19-4210-SLD-JEH (C.D. Ill.), dkt. ## 188-190, 193. Moreover, the Court in the Illinois Action recently issued an extensive opinion resolving nearly a dozen of the parties' motions, including multiple motions to dismiss and a motion to stay, evidencing the Illinois Court's significant knowledge of the facts, procedural posture, and issues underlying the parties' dispute. *See id.*, dkt. # 183. The Court therefore finds that the complexity, duration, and nature of the proceedings in the Illinois Action—as well as the interests of judicial economy—support transfer. *See In re Subp. of Amazon.com*, 2020 WL 2410474, at *2 (W.D. Wash. May 12, 2020) (finding transfer appropriate given interests of judicial economy, docket management, and risk of inconsistent rulings); *see also United States v. Gilead Scis., Inc.*, 2021 WL 619761, at *2 (W.D. Mo. Feb. 17, 2021) ("Transferring the instant motion also serves the interests of judicial economy, particularly given the complexity and extensiveness of the underlying litigation.").

Furthermore, the Court finds that the potential to disrupt the management of the Illinois Action and the risk of inconsistent rulings additionally support transfer. At present, the Illinois Action requires the determination of several pending discovery motions, including: (1) two motions for a protective order; (2) a motion for extension of time to complete discovery; (3) a motion for entry of an order on ESI protocol; (4) a motion to stay discovery; and (5) a motion to compel. *See Deere*, Case No. C19-4210-SLD-JEH (C.D. Ill.), dkt. ## 98, 124, 147, 153, 160, 166. A hearing addressing the parties' pending discovery motions is currently scheduled in the Illinois Action for February 24, 2022. *See id.*, dkt. # 199. Contrary to Defendant's contentions, it is clear that this Court would be at risk of issuing a conflicting discovery ruling on the Motion to

Quash given the parties' pending requests for protective orders, sought ESI protocol, and the pending motion to stay discovery. Accordingly, not transferring the Motion to Quash risks disrupting the Illinois Court's management of this matter and interfering with the overall discovery and resolution timeline. *See Fed. Home Loan Mortgage Corp. v. Deloitte & Touche LLP*, 309 F.R.D. 41, 43 (D.D.C. 2015) ("Nothing in the Advisory Committee Note, or subsequent case law, precludes [the Court] from relying on other aspects of case management, such as impending discovery deadlines and case-specific issues, to transfer a subpoena-related motion."); *Wultz v. Bank of China, LTD.*, 304 F.R.D. 38, 46 (D.D.C. 2014) (finding issuing court was "in a better position to rule . . . due to [its] familiarity with the full scope of issues involved as well as any implications the resolution of the motion will have on the underlying litigation.").

Once exceptional circumstances have been found, "transfer is appropriate only if such interests outweigh the interests of the nonparty served with the subpoena in obtaining local resolution of the motion." *US Plywood Integrity Coal.*, 2021 WL 409968 at *4 (quoting Advisory Committee's Note on the 2013 Amendment, Fed. R. Civ. P. 45). "The prime concern should be avoiding burdens on local nonparties subject to subpoenas." *Id.*

Here, the Court finds that the exceptional circumstances outweigh the interests of local resolution. The 2013 Advisory Committee Notes contemplate that "judges are encouraged to permit telecommunications methods to minimize the burden a transfer imposes on nonparties, if it is necessary for attorneys admitted in the court where the motion is made to appear in the court in which the action is pending."[2] To that end, the Court notes that the Honorable Jonathan E. Hawley has previously conducted hearings in this matter telephonically and over video

---

[2] In addition, the 2013 Advisory Committee Notes that "if these attorneys are authorized to practice in the court where the motion is made, they may file papers and appear in the court in which the action is pending in relation to the motion as officers of that court."

ORDER - 5

conference, and recently granted leave to Defendant's counsel to appear remotely for the pending discovery hearing. *See Deere*, Case No. C19-4210-SLD-JEH (C.D. Ill.), dkt. # 199. Transfer will thus impose only a slight burden, if any, on Microsoft and any such burden is clearly "outweighed by the interests of fairness, consistency, judicial economy, and speed of resolution" as considered above. *In re Cassell*, 2016 WL 3645166, at *3 (D. Utah June 30, 2016); *see also Elec. Scripting Products, Inc. v. HTC Am., Inc.*, 2021 WL 3510347, at *1 (W.D. Wash. Aug. 10, 2021) (finding minimal burden where issuing court had previously conducted hearings telephonically).

## IV.   CONCLUSION

For the foregoing reasons, the Court hereby ORDERS that:

(1)   Plaintiff's Motion to Transfer (dkt. # 4) is GRANTED.

(2)   The Clerk is directed to transfer Plaintiff's Motion to Quash (dkt. # 1) for consideration in the Illinois Action, *Deere & Company v. XAPT Corporation, et al.*, Case No. C19-4210-SLD-JEH (C.D. Ill.), pursuant to Fed. R. Civ. P. 45(f), and to close this file.

(3)   Plaintiff's counsel shall file notice of this Order in the Illinois Action.

Dated this 18th day of February, 2022.

MICHELLE L. PETERSON
United States Magistrate Judge